1 | Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
2 | Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
3 | Brigette B. Chaput (SBN 274653)
brigette.chaput@knobbe.com
4 | KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
5 | Fourteenth Floor
Irvine, CA  92614
6 | Phone: (949) 760-0404
Facsimile: (949) 760-9502
7 |
8 | Attorneys for Plaintiff
MONSTER ENERGY COMPANY

FILED
2014 JAN 15  PM 1:42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE MADE GROUP, LLC DBA NICECYCLE.COM,  a Michigan limited liability company, and SPORTBIKE LITES LLC, a Florida limited liability company, <br><br> Defendant. | Civil Action No. **SACV14-00064 DOC (RNBx)** <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, AND COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Monster Energy Company ("Plaintiff" or "Monster Energy Company"), a Delaware corporation, by and through its undersigned attorneys, files this Complaint against Defendants THE MADE GROUP, LLC DBA NICECYCLE.COM ("NiceCycle") and SPORTBIKE LITES LLC ("Sportbike"), and alleges as follows:

-1-



# I.  JURISDICTION AND VENUE

1.     This is an action for (a) trademark infringement under 15 U.S.C. § 1114; (b) false designation of origin and trade dress infringement arising under 15 U.S.C. § 1125(a); (c) federal dilution arising under 15 U.S.C. § 1125(c); (d) copyright infringement arising under 17 U.S.C. § 501 *et seq.*; (e) unfair competition arising under California Business & Professions Code § 17200 *et seq.*; and (f) unfair competition arising under the common law of the State of California.

2.     The Court has original subject matter jurisdiction over the claims that relate to trademark infringement; false designation of origin; trademark dilution; and trade dress infringement pursuant to 15 U.S.C. §§ 1116 and 1121(a); and copyright infringement under 17 U.S.C. §§ 501 *et seq.,* pursuant to 28 U.S.C. § 1331 and 1338(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendants NiceCycle and Sportbike because they have a continuous, systematic, and substantial presence within this judicial district and within California. By selling and offering for sale infringing products in this judicial district, and by committing acts of trade dress infringement, trademark infringement, and/or copyright infringement in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, NiceCycle's and Sportbike's acts form a substantial

1  part of the events or omissions giving rise to Monster Energy Company's
2  claims.

3     4.    Venue is proper in this Judicial District pursuant to 28 U.S.C.
4  §§ 1391(b) and (c), as a substantial portion of the events herein took place in
5  this Judicial District.

6                        II.  **THE PARTIES**

7     5.    Plaintiff MONSTER ENERGY COMPANY ("MEC") is a
8  corporation organized and existing under the laws of the State of Delaware,
9  having a principal place of business at 1 Monster Way, Corona, California
10 92879.

11    6.    Upon information and belief, Defendant NiceCycle is a limited
12 liability company organized and existing under the laws of the State of
13 Michigan, having a principal place of business at 209 W. Main Street, Unit
14 #104, Brighton, Michigan 48116. NiceCycle is subject to the personal
15 jurisdiction of this Court by virtue of its substantial contacts with California,
16 including its participation in the acts and events occurring in this Judicial
17 District described herein.

18    7.    Upon information and belief, Defendant Sportbike is a limited
19 liability company organized and existing under the laws of the State of Florida,
20 having a principal place of business at 823 N. Cocoa Boulevard, Suite A,
21 Cocoa, Florida 32922.  Sportbike is subject to the personal jurisdiction of this
22 Court by virtue of its substantial contacts with California, including its
23 participation in the acts and events occurring in this Judicial District described
24 herein.

25    8.    The Defendants are subject to the general and specific jurisdiction
26 of this Court by virtue of their substantial contacts with California, including
27 their participation in the acts and events occurring in this Judicial District
28 described herein.

### III.  COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

**A.     MEC's Trademarks and Copyrights**

9.     MEC is a nationwide leader in the business of developing, marketing, selling, and distributing beverages, including energy drinks.

10.     In 2002, long before Defendants' acts described herein, MEC launched its MONSTER ENERGY® drink brand, bearing its now famous mark ("Claw Icon Mark"), MONSTER™ Mark, MONSTER ENERGY® Mark, and well-known trade dress (hereinafter the "MONSTER Trade Dress") as shown below.



11.     The MONSTER Trade Dress, as shown in the picture above, includes the common elements of a black or black and gray background, a clawed letter "M", a bright contrasting accent color, the word "MONSTER" in a white, stylized font, and includes an overall aggressive, edgy theme.

12.     MEC is the owner of numerous trademark registrations for marks that incorporate its famous Claw Icon Mark, and many of which also include its

-4-

famous MONSTER<sup>TM</sup> and MONSTER ENERGY® Marks (collectively,

including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 2,903,214 | Drinks, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | 05/07/2003 | 11/16/2004 |
|  | 3,434,821 | Nutritional supplements | 09/07/2007 | 05/27/2008 |
|  | 3,434,822 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/07/2007 | 05/27/2008 |
|  | 3,963,668 | Stickers; sticker kits comprising stickers and decals; decals; posters | 07/28/2010 | 05/17/2011 |
|  | 3,963,669 | All purpose sport bags; all-purpose carrying bags; backpacks; duffel bags | 07/28/2010 | 05/17/2011 |
|  | 4,011,301 | Sports helmets; video recordings featuring sports, extreme sports, and motor sports | 07/28/2010 | 08/16/2011 |
|  | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies | 07/28/2010 | 11/08/2011 |
|  | 4,332,062 | Silicone wrist bands; Silicone bracelets; Jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |

-5-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 04/02/2009 | 01/18/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |
|  | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags | 04/02/2009 | 02/22/2011 |

13.   MEC is also the owner of numerous other trademark registrations for its famous MONSTER ENERGY® Mark, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER ENERGY | 3,044,315 | nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 5/23/03 | 01/17/06 |
| M MONSTER ENERGY | 3,044,314 | nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 5/23/03 | 01/17/06 |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | 04/18/02 | 02/07/06 |
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | 05/07/03 | 08/29/06 |
| MONSTER ENERGY | 4,036,680 | Nutritional supplements in liquid form | 09/11/07 | 10/11/11 |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/11/07 | 10/11/11 |

14.    MEC is also the owner of numerous other trademark registrations for marks incorporating its famous MONSTER$^{TM}$ Mark, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER MIXXD | 3,852,123 | Nutritional Supplements non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; carbonated energy or sports drinks | 02/19/2009 | 09/28/2010 |
| MONSTER REHAB | 4,111,964 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages | 08/24/2011 | 03/13/2012 |
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form Beverages, namely, non-alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/06/2010 | 04/17/2012 |
| MONSTER CUBA-LIMA | 4,269,880 | Nutritional supplements in liquid form Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 06/14/2012 | 01/01/2013 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form<br>Beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | 07/02/2010 | 07/30/2013 |

15.    Attached hereto as Exhibits A1-A24 are true and correct copies of MEC's trademark registrations identified in Paragraphs 12, 13, and 14 of this Complaint.

16.    Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 2,903,214, 3,134,841, 3,434,822, 3,434,821, 3,044,315, 3,044,314, 3,057,061, and 3,134,842 are now incontestable.

17.    In addition, MEC is the owner of valid copyright registrations for its Claw Icon and can art and packaging designs featuring its Claw Icon Mark, including at least U.S. Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215, and VA 1-789-900.   Attached hereto as Exhibits "B" through "E" are true and correct copies of MEC's copyright registrations.

18.    MEC's successful line of MONSTER™ drinks has now grown to include numerous other well-known products, including, but not limited to, original Monster Energy® and Lo-Carb Monster Energy®; Monster™ Assault®; Monster™ Khaos®, Monster M-80®; Ubermonster®; Monster Mixxd®; Monster Energy® Import and Monster Energy® Import Light; Monster™ Dub Edition; Monster Energy® Absolutely Zero; Monster Energy® Zero Ultra; Monster

Energy® Ultra Blue; Monster Energy® Ultra Red; Monster Cuba-Lima®; Monster Rehab®, which is a line of non-carbonated energy drinks, which includes MEC's Monster Rehab® Rojo Tea + Energy, Monster Rehab® ProTEAn + Energy,  Monster Rehab® Green Tea + Energy, Monster Rehab® Tea + Orangeade + Energy, Monster Rehab® Tea + Pink Lemonade + Energy, and Monster Rehab® Tea + Lemonade + Energy products; Java Monster®, which is a line of dairy based coffee plus energy drinks; Muscle Monster®, which is a line of energy shakes; Monster Energy Extra Strength Nitrous Technology®, which is a line of energy drinks with a blend of nitrous oxide and carbon dioxide to create a smoother energy drink; and 〽️ ® Monster Energy® which is a five ounce super concentrated energy drink (referred to collectively as "MONSTER™ line of energy drinks").

19.    The containers of MEC's MONSTER™ line of energy drinks are prominently marked with MEC's Claw Icon Mark and MONSTER™ Mark. Many also bear with MEC's MONSTER ENERGY® Mark and/or MONSTER Trade Dress.   Since 2002, MEC has spent well over a billion dollars on promoting, advertising and marketing its MONSTER™ brand.    MEC's promotional efforts include – by way of example but not limitation – substantial print media, internet advertising, point of sale materials, sponsorship of athletes, sponsorship of musicians, sponsorship of live and televised events, contests, music concerts and attendance at trade shows.   MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or MONSTER Trade Dress are prominently featured in MEC's advertisements and promotions for its MONSTER™ line of energy drinks.

20.    Shown below are true and accurate representative pictures illustrating MEC's MONSTER™ line of energy drinks bearing its famous Claw

Icon Mark and MONSTER™ Mark.   Many of the containers also bear the MONSTER ENERGY® Mark and/or the MONSTER Trade Dress:



21.   Since the initial launch of its original MONSTER ENERGY® drink in 2002, MEC has continually used its Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and the MONSTER Trade Dress in connection with its MONSTER™ line of energy drinks and in extensive and widespread promotional, advertising and marketing activities relating to those products.

22.   Long before Defendants' acts described herein, MEC also has used, and continues to use, its Claw Icon Mark, MONSTER™ Mark, MONSTER

ENERGY® Mark, and/or MONSTER Trade Dress in connection with accessories including, for example, wristbands and lanyards, as well as on apparel, including, for example, t-shirts, hooded shirts, hooded sweatshirts, sweatshirts, jackets, pants, bandanas, sweat bands, gloves and headgear.  True and correct examples of authorized accessories and apparel bearing MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or MONSTER Trade Dress are shown below.



  

23.     MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and the MONSTER Trade Dress are the subject of substantial and continuous marketing and promotion by MEC in connection with its MONSTER™ line of energy drinks, and MONSTER apparel and accessories.  MEC has and continues to widely market and promote its Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or the MONSTER Trade Dress in the industry and to consumers by displaying the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or the MONSTER Trade Dress on more than 10 billion cans sold worldwide to date, widespread distribution of promotional and point of sale materials, product samplings, apparel and merchandise bearing the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or the MONSTER Trade Dress, in magazines and other industry publications, on the MONSTER ENERGY® website and other Internet websites, attendance at trade shows, concert tours and live events, sponsorship of athletes, athletic teams, and athletic competitions around the world.

24.     Shown below are true and accurate representative pictures illustrating just a few examples of MEC's MONSTER™ point of sale materials bearing MEC's famous Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and displaying MEC's distinctive MONSTER Trade Dress:

1
2
3
4
5
6
7
8




9
10
11
12
13
14




15
16
17
18
19
20
21

25.    MEC also sponsors over 200 extreme sports athletes and athletic events in connection with its MONSTER™ brand drinks, apparel, and accessories, bearing the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or the MONSTER Trade Dress.  Many of these athletes promote the MONSTER™ products bearing the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or the MONSTER Trade Dress on their clothing, uniform, and gear as shown, for example, below:

22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28










26.     MEC sponsors or has sponsored numerous sporting events, including the Billabong XXL Wave Awards, the MONSTER ENERGY® AMA Supercross Series and MotoGP's Grand Prix de France, Youthstream's MX1 and MX2 FIM Motocross World Championships, the Motocross of Nations, the MX3 FIM Motocross World Championship, the FIM MX Junior World Championship and the UEM EMX2 European Motocross Championship, and the X Games.   At MEC-sponsored events, MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress are prominently promoted at the tracks, on banners, and on large transport, support, and hospitality tractor trailers, motor homes, and other promotional vehicles.

27.     In addition to the sporting events above, MEC also sponsors other athletes and athletic teams who compete in a wide-variety of sports, including motocross, MotoGP, AMA Superbike, Supercross, World Superbike, surfing, skateboarding, wakeboarding, skiing, snowboarding, BMX, mountain biking, snowmobile racing, off-road racing, off-road truck racing, and various classes of NASCAR racing.   Many of the events that the MEC-sponsored athletes and athletic teams compete in are broadcast nationally on television and all of them prominently display the Claw Icon Mark, MONSTER™ Mark, and MONSTER Trade Dress.

/ / /

28.     MEC's MONSTER family of products has achieved substantial commercial success. Worldwide retail sales now exceed 2 billion cans per year with estimated retail sales exceeding US$5 billion per year worldwide. From 2002 to the present, Monster Energy Company has sold more than 10 billion cans worldwide, all of which bear the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or the MONSTER Trade Dress.  MEC's MONSTER ENERGY® brand has established itself as the best-selling energy drink brand in the U.S. by unit volume. As a result of MEC's substantial use and promotion of its Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and the MONSTER Trade Dress in connection with its MONSTER family of products, MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress have acquired great value as specific identifiers of MEC's products and serve to identify and distinguish MEC's MONSTER products from those of others. Customers in this judicial district and elsewhere readily recognize MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and the MONSTER Trade Dress as distinctive designations of the origin of MEC's MONSTER™ and MONSTER ENERGY® brand drinks, accessories, clothing products, sports bags and backpacks, sports gear and other products and promotional items. MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and the MONSTER Trade Dress are intellectual property assets of enormous value as symbols of MEC and its quality products, reputation, and goodwill.

**B.**     **Defendants' Infringement of the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or MONSTER Trade Dress**

29.     MEC is informed and believes, and on that basis alleges, that Defendant Nicecycle manufactures, advertises, and sells motorcycle fairings, sport bike parts, cruiser parts, exhausts, exhaust parts, and helmets.  Defendant

Nicecycle also owns and operates a website located at the domain name <www.nicecycle.com>.

30.    MEC is informed and believes, and on that basis alleges, that Defendant Sportbike manufactures, advertises and sells new and used motorcycle parts and accessories. Defendant Sportbike also manufactures, advertises, and sells consumer accessories including wrist bands, key chains, and wallets. Defendant Sportbike owns and operates a website located at the domain name <www.sportbikelites.com>.

31.    MEC is informed and believes, and on that basis alleges, that Defendant Nicecycle purchases some parts and accessories from Defendant Sportbike, and that if a customer purchases one of these parts or accessories from Defendant Nicecycle's website, then the product will be shipped to Nicecyle's customer directly from Defendant Sportbike.

32.    At no time has MEC ever given Defendants license, permission or authority to use or display MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, or MONSTER Trade Dress on any of Defendants' products.

33.    Without permission or consent from MEC, Defendants have infringed MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell items (the "Accused Products"), such as motorcycle parts and accessories (including, for example, gas caps, motorcycle levers, key chains, and wristbands), unlawfully bearing marks that are essentially identical to MEC's Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark, as well as displaying MEC's distinctive MONSTER Trade Dress.  Examples of some of Defendants' Accused Products are shown below:

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28


















34.    Defendants' products prominently display imitations of MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress.

35.    MEC is informed and believes, and on that basis alleges, that Defendants are using MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress in an attempt to falsely associate its Accused Products with MEC or to otherwise trade upon MEC's valuable reputation and customer good will in its Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress, and MEC's high quality products sold in connection with its marks and distinctive trade dress.

36.    MEC is informed and believes, and on that basis alleges, that Defendants' use of MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress is designed and intended to

cause confusion, mistake or deception as to the source or sponsorship of Defendants' Accused Products.

37.    MEC is informed and believes, and on that basis alleges, that it is Defendants' purpose to cause consumers and potential customers to believe that Defendants' Accused Products are associated with MEC or MEC's MONSTER™ family of products when, in truth and fact, they are not.

38.    By virtue of the acts complained of herein, Defendants have created a likelihood of injury to MEC's business reputation and goodwill, caused a likelihood of consumer confusion, mistake and deception as to the source of origin or relationship of MEC's and Defendants' goods, and have otherwise competed unfairly with MEC by unlawfully trading on and using MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress without MEC's permission or consent.

39.    MEC is informed and believes, and on that basis alleges, that Defendants have directly copied MEC's Claw Icon Mark and MEC's copyrighted Claw Icon and can art design featuring its Claw Icon Mark.

40.    MEC is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

41.    Defendants' acts complained of herein have caused damage to MEC in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from their wrongful acts and infringement.  Defendants' acts complained of herein also have caused MEC to suffer irreparable injury to its business.  MEC will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from their wrongful actions complained of herein.

/ / /

/ / /

/ / /

## IV.  **FIRST CLAIM FOR RELIEF**

### (Trademark Infringement under 15 U.S.C. § 1114)

42.    MEC hereby repeats, realleges, and incorporates by reference paragraphs 1-41 of this Complaint as though fully set forth herein.

43.    This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

44.    Defendants have used in commerce, without permission of MEC, reproductions, copies or colorable imitations of at least MEC's marks that are the subject of MEC's U.S. Trademark Registration Nos. 2,903,214, 3,434,821, 3,434,822, 3,963,668, 3,963,669, 4,011,301, 4,051,650, 4,332,062, 3,134,841, 3,908,600, 3,908,601, 3,914,828, 3,923,683, 3,044,315, 3,044,314, 3,057,061, 3,134,842, 4,036,680, 4,036,681, 3,852,123, 4,111,964, 4,129,288, 4,269,880, and 4,376,796 in connection with the manufacturing, distributing, selling, offering for sale, advertising, and/or promoting of Defendants' Accused Products.  Such use is likely to cause confusion, or to cause mistake, or to deceive.

45.    MEC is informed and believes, and on that basis alleges, that Defendants activities complained of herein constitute willful and intentional infringements of MEC's registered marks, and Defendants did so with the intent to trade upon MEC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' Accused Products are associated with, sponsored by, originated from, or are approved by MEC, when in truth and fact they are not.

46.    MEC is informed and believes, and on that basis alleges, that Defendants had actual knowledge of MEC's ownership and prior use of MEC's registered marks, and without the consent of MEC, have willfully and intentionally violated 15 U.S.C. § 1114.  MEC is further informed and believes,

and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

47.     Defendants, by their actions, has irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

### V.  <u>SECOND CLAIM FOR RELIEF</u>

### (Federal Dilution under 15 U.S.C. § 1125(c))

48.     MEC hereby repeats, realleges, and incorporates by reference paragraphs 1-47 of this Complaint as though fully set forth herein.

49.     This is a claim for federal trademark dilution arising under 15 U.S.C. § 1125(c).

50.     Products sold under MEC's Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world. By virtue of the wide renown acquired by MEC's Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark, coupled with the national and international distribution and extensive sale of various products distributed under the Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark, MEC's Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark are famous, and became so prior to Defendants' acts complained of herein.

51.     Defendants' unauthorized commercial use of MEC's Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark in connection with the production, advertisement, offering for sale and sale of Defendant' Accused Products has caused and is likely to continue to cause dilution of the

distinctive qualities of the famous Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark.

52.     Defendants' acts are likely to tarnish, injure, or trade upon MEC's business, reputation or goodwill, and to deprive MEC of the ability to control the use of its Claw Icon Mark, MONSTER™ Mark, and MONSTER ENERGY® Mark, and quality of products associated therewith.

53.     MEC is informed and believes, and on that basis alleges, that Defendants' dilution has been willful and deliberate.

54.     Defendants, by their actions, have irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## VI.  <u>THIRD CLAIM FOR RELIEF</u>

### (False Designation of Origin and Trade Dress Infringement under 15 U.S.C. § 1125(a))

55.     MEC hereby repeats, realleges, and incorporates by reference paragraphs 1-54 of this Complaint as though fully set forth herein.

56.     This is a claim for trade dress infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

57.     Without MEC's consent, Defendants have created and will create a false designation of origin by using in commerce, MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress, and/or designations that are substantially identical or confusingly similar to those Marks, in connection with the advertising, offering for sale, distributing, and/or sale of Defendants' Accused Products, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with MEC or to suggest MEC as the origin of the goods and/or

services or that MEC has sponsored or approved Defendants' Accused Products or commercial activities, when in truth and fact they are not sponsored or approved by MEC.

58.    MEC is informed and believes, and on that basis alleges, that Defendants did so with the intent to trade upon MEC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' Accused Products are associated with, sponsored by or approved by MEC, when in truth and fact they are not.

59.    MEC's MONSTER Trade Dress is used in commerce, is non-functional, is inherently distinctive, and has acquired substantial secondary meaning in the marketplace.

60.    MEC is informed and believes, and on that basis alleges, that Defendants had actual knowledge of MEC's ownership and prior use of its Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and MONSTER Trade Dress, and have willfully and deliberately violated 15 U.S.C. § 1125(a).

61.    Defendants, by their actions, have irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## VII.  <u>FOURTH CLAIM FOR RELIEF</u>

### (Copyright Infringement Under 17 U.S.C. § 501 *et seq.*)

62.    MEC hereby repeats, realleges, and incorporates by reference paragraphs 1-61 of this Complaint as though fully set forth herein.

63.    This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

64.     MEC is the owner of valid and enforceable copyrights in the Claw Icon Mark, can art and packaging, which contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.* ("Copyrighted Works").

65.     MEC has complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Works, and has obtained Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215 and VA 1-789-900.

66.     Defendants' deliberate copying of MEC's Copyrighted Works infringes and continues to infringe MEC's copyrights in violation of 17 U.S.C. § 501(a).   Defendants are directly infringing on MEC's exclusive right to reproduce copies, make derivative works and distribute copies of its Copyrighted Works under 17 U.S.C. §§ 106(1)–(3).

67.     MEC is informed and believes, and on that basis alleges, that Defendants' infringement has been willful and deliberate.

68.     Defendants, by their actions, have irreparably injured MEC and damaged MEC in an amount to be determined at trial.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## VIII.  <u>FIFTH CLAIM FOR RELIEF</u>

**(Unfair Competition Under California Business & Professions Code § 17200 *et seq.*)**

69.     MEC hereby repeats, realleges, and incorporates by reference paragraphs 1-68 of this Complaint as though fully set forth herein.

70.     This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

71.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the consumers and public

and have unfairly competed in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

72.     Defendants' acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged MEC.

73.     Defendants, by their actions, have irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

### IX.  <u>SIXTH CLAIM FOR RELIEF</u>

### (California Common Law Unfair Competition)

74.     MEC hereby repeats, realleges, and incorporates by reference paragraphs 1-73 of this Complaint as though fully set forth herein.

75.     This is an action for unfair competition under the common law of the state of California.

76.     Defendants' acts complained of herein constitute unfair competition under the common law of the state of California.

77.     MEC is informed and believes, and on that basis alleges, that Defendants' infringement has been willful and deliberate and committed with knowledge that Defendants' unauthorized use of the Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or MONSTER Trade Dress will cause a likelihood of confusion.

78.     Defendants' willful acts of trademark infringement under California common law constitute fraud, oppression and malice.  Accordingly, MEC is entitled to exemplary damages.

79.     Defendants, by their actions, have irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury

will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## X.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MEC respectfully requests the Court to award MEC the following relief:

A.     That the Court render a final judgment in favor of MEC and against Defendants on all claims for relief herein;

B.     That the Court render a final judgment declaring Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing MEC's trademark rights in its federally registered Claw Icon Mark, MONSTER™ Marks, and its MONSTER Trade Dress;

C.     That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting MEC's famous Claw Icon Mark and MONSTER™ Mark;

D.     That the Court render a final judgment declaring that Defendants have violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by infringing MEC's famous Claw Icon Mark, MONSTER™ Mark, and MONSTER Trade Dress through the production, marketing, sale and promotion of Defendants' Accused Products;

E.     That the Court render a final judgment declaring that Defendants have violated 17 U.S.C. § 501(a) by infringing MEC's Copyrighted Works;

F.     That the Court render a final judgment declaring that Defendants have violated California Business and Professions Code §§17200, *et seq.* by unfairly competing with MEC;

G.     The Court render a final judgment declaring Defendants have violated California common law by unfairly competing with MEC;

H.     That Defendants, their officers, principals, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith temporarily, preliminarily and permanently enjoined from:

a.     using MEC's Claw Icon Mark, MONSTER™ Mark, and/or MONSTER Trade Dress in connection with Defendants' goods, in advertising, promoting, selling or offering to sell Defendants' goods, and/or using confusingly similar variations of Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or MONSTER Trade Dress in any manner that is likely to create the impression that Defendants' goods originate from MEC, are endorsed by MEC, or are connected in any way with MEC;

b.     manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or MONSTER Trade Dress, and/or any confusingly similar marks;

c.     manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing MEC's copyrighted Claw Icon design, copyrighted can designs, or any design substantially similar thereto;

d.     copying, reproducing, distributing, displaying, creating derivative works of MEC's copyrighted Claw Icon design and/or copyrighted beverage packaging designs and/or importing, manufacturing, or producing any products bearing copies of MEC's copyrighted Claw Icon design and/or copyrighted can designs;

e.       filing any applications for registration of any trademarks, trade dress, copyrighted works, or designs confusingly similar to MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, MONSTER Trade Dress, copyrighted Claw Icon design, and/or copyrighted can designs;

f.       otherwise infringing or diluting MEC's Claw Icon Mark, MONSTER™ Mark, MONSTER ENERGY® Mark, and/or any of MEC's other trademarks;

g.       falsely designating the origin of Defendants' goods;

h.       unfairly competing with MEC in any manner whatsoever; and

i.       causing a likelihood of confusion or injury to MEC's business reputation.

I.       The Defendants be directed to file with this Court and serve on MEC within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

J.       That Defendants be required to account to MEC for any and all profits derived by Defendants and all damages sustained by MEC by virtue of Defendants' acts complained of herein;

K.       That Defendants be ordered to pay over to MEC all damages MEC has sustained as a consequence of the acts complained of herein, subject to proof at trial;

L.       That MEC be awarded damages pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest;

M.       That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

N.    That Defendants' actions be deemed willful;

O.    That MEC be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if MEC elects, that MEC be awarded statutory damages pursuant to 17 U.S.C. § 504;

P.    That an award of reasonable costs, expenses and attorneys' fees be awarded to MEC pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504;

Q.    That MEC recover exemplary damages pursuant to California Civil Code § 3294;

R.    That interest be awarded on all applicable damages under California Civil Code § 3288;

S.    For such other and further relief as this Court may deem just and proper.


Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: _____1/15/14_____    By: _____

Lynda J. Zadra-Symes
Matthew S. Bellinger
Brigette B. Chaput

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster Energy Company hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _1/15/14_          By: _____

Lynda J. Zadra-Symes
Matthew S. Bellinger
Brigette B. Chaput

Attorneys for Plaintiff,
MONSTER ENERGY COMPANY

16578320

# EXHIBIT A1

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

Reg. No. 2,903,214

**United States Patent and Trademark Office**

Registered Nov. 16, 2004

Corrected

OG Date Dec. 18, 2007

## TRADEMARK
## PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELA-WARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: DRINKS, NAMELY, CARBO-NATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND WATER;*BUT EXCLUD-ING PERISHABLE BEVERAGE PRO-DUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT.*, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

SER. NO. 78-246,564, FILED 5-7-2003.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 18, 2007.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

EXHIBIT A1

# EXHIBIT A2

Int. Cl.: **5**

Prior U.S. Cls.: **6, 18, 44, 46, 51 and 52**

Reg. No. **3,434,821**

## United States Patent and Trademark Office

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 2,903,214 AND 3,134,841.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 77-274,643, FILED 9-7-2007.

MICHAEL WIENER, EXAMINING ATTORNEY

EXHIBIT A2

# EXHIBIT A3

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

**United States Patent and Trademark Office**

Reg. No. 3,434,822

Registered May 27, 2008

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

OWNER OF U.S. REG. NOS. 2,903,214 AND 3,134,841.

THE MARK CONSISTS OF THE LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 77-274,662, FILED 9-7-2007.

MICHAEL WIENER, EXAMINING ATTORNEY

EXHIBIT A3

# EXHIBIT A4

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,963,668**

**Registered May 17, 2011**

**Int. Cl.: 16**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: STICKERS; STICKER KITS COMPRISING STICKERS AND DECALS; DECALS; POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SN 85-094,343, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT A4

- 36 -

# EXHIBIT A5

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,963,669**

**Registered May 17, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE CARRYING BAGS; BACKPACKS; DUFFEL BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SN 85-094,364, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

EXHIBIT A5

- 37 -

# EXHIBIT A6

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,011,301**

**Registered Aug. 16, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: SPORTS HELMETS; VIDEO RECORDINGS FEATURING SPORTS, EXTREME SPORTS, AND MOTOR SPORTS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER "M" IN THE FORM OF A CLAW.

SER. NO. 85-094,340, FILED 7-27-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

    *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

    *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

    You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,011,301

**EXHIBIT A6**

# EXHIBIT A7

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,051,650**

**Registered Nov. 8, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

THE MARK CONSISTS OF A STYLIZED LETTER M IN THE FORM OF A CLAW.

SER. NO. 85-094,362, FILED 7-28-2010.

LEIGH LOWRY, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

EXHIBIT A7

- 40 -

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
> reminder of these filing requirements.**

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

EXHIBIT A7

# EXHIBIT A8

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,332,062**

**Registered May 7, 2013**

**Int. Cl.: 14**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

FOR: SILICONE WRIST BANDS; SILICONE BRACELETS; JEWELRY, NAMELY, BRACELETS AND WRISTBANDS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 12-0-2006; IN COMMERCE 12-0-2006.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,841, AND 3,134,842.

THE MARK CONSISTS OF A STYLIZED LETTER "M" TO THE LEFT OF THE STYLIZED WORDS "MONSTER ENERGY".

SER. NO. 85-747,244, FILED 10-5-2012.

REGINA DRUMMOND, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

EXHIBIT A8

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,332,062

# EXHIBIT A9

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

**United States Patent and Trademark Office**

Reg. No. 3,134,841

Registered Aug. 29, 2006

## TRADEMARK
### PRINCIPAL REGISTER



HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: BEVERAGES, NAMELY, CARBONATED SOFT DRINKS, CARBONATED SOFT DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY AND SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND AERATED WATER, SODA WATER AND SELTZER WATER, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-246,567, FILED 5-7-2003.

AMY HELLA, EXAMINING ATTORNEY

EXHIBIT A9

# EXHIBIT A10

# United States of America

## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 3,908,600**  HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE SUITE 201
**Registered Jan. 18, 2011**  CORONA, CA 92880

**Int. Cl.: 16**  FOR: STICKERS; STICKER KITS COMPRISING STICKERS AND DECALS; DECALS, IN
CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

**TRADEMARK**  FIRST USE 1-0-2004; IN COMMERCE 1-0-2004.

**PRINCIPAL REGISTER**  OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER
ENERGY".

SN 77-705,747, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT A11

# United States of America

## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 3,908,601**
**Registered Jan. 18, 2011**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE SUITE 201
CORONA, CA 92880

FOR: CLOTHING, NAMELY, T-SHIRTS, HOODED SHIRTS AND HOODED SWEATSHIRTS, SWEAT SHIRTS, JACKETS, PANTS, BANDANAS, SWEAT BANDS AND GLOVES; HEADGEAR, NAMELY, HATS AND BEANIES , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-24-2002; IN COMMERCE 6-30-2002.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,822, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT A12

# United States of America

## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 3,914,828**
**Registered Feb. 1, 2011**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

FOR: SPORTS HELMETS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-0-2006; IN COMMERCE 1-0-2006.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE
MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS
"MONSTER ENERGY".

SN 77-705,362, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT A12
- 47 -

# EXHIBIT A13

# United States of America
## United States Patent and Trademark Office



**MONSTER**
E N E R G Y

**Reg. No. 3,923,683**

**Registered Feb. 22, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE CARRYING BAGS; BACKPACKS; DUFFLE BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 5-0-2004; IN COMMERCE 5-0-2004.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED LETTER "M" AND THE STYLIZED WORDS "MONSTER ENERGY".

SN 77-705,810, FILED 4-2-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT A14



# United States of America
## United States Patent and Trademark Office

## MONSTER ENERGY

**Reg. No. 3,044,315**

**Registered Jan. 17, 2006**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
1 MONSTER WAY
CORONA, CA 92879

**Amended Sep. 24, 2013**

**Int. Cl.: 5**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID [AND NON-LIQUID ] FORM, BUT EX-CLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

**PRINCIPAL REGISTER**

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-253,933, FILED 5-23-2003.



Deputy Director of the United States Patent and Trademark Office

EXHIBIT A14

- 49 -

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**EXHIBIT A14**
- 50 -

# EXHIBIT A15

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**Reg. No. 3,044,314**

## United States Patent and Trademark Office

Registered Jan. 17, 2006

### TRADEMARK
#### PRINCIPAL REGISTER

## M MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID AND NON-LIQUID FORM, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-253,930, FILED 5-23-2003.

SUSAN HAYASH, EXAMINING ATTORNEY

EXHIBIT A15

# EXHIBIT A16

**Int. Cl.: 32**

**Prior U.S. Cls.: 45, 46 and 48**

Reg. No. 3,057,061

## United States Patent and Trademark Office

Registered Feb. 7, 2006

### TRADEMARK
### PRINCIPAL REGISTER

## MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, CARBONATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, AERATED WATER, SODA WATER AND SELTZER WATER, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER

SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-122,679, FILED 4-18-2002.

ANN E. SAPPENFIELD, EXAMINING ATTORNEY

EXHIBIT A16

# EXHIBIT A17

Int. Cl.: 32

Prior U.S. Cls.: 45, 46 and 48

**Reg. No. 3,134,842**

**United States Patent and Trademark Office**   Registered Aug. 29, 2006

## TRADEMARK
### PRINCIPAL REGISTER

## M MONSTER ENERGY

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
1010 RAILROAD STREET
CORONA, CA 92882

FOR: BEVERAGES, NAMELY, CARBONATED SOFT DRINKS, CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS, CARBONATED AND NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF STABLE, AND WATER, BUT EXCLUDING PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 78-246,573, FILED 5-7-2003.

AMY HELLA, EXAMINING ATTORNEY

# EXHIBIT A18



# United States of America

### United States Patent and Trademark Office

# MONSTER ENERGY

**Reg. No. 4,036,680**

**Registered Oct. 11, 2011**

**Int. Cl.: 5**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,057,061 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE MARK AS SHOWN.

SER. NO. 77-276,979, FILED 9-11-2007.

MICHAEL WIENER, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

**EXHIBIT A18**

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,036,680

**EXHIBIT A18**
- 55 -

# EXHIBIT A19



# United States of America
## United States Patent and Trademark Office

# MONSTER ENERGY

**Reg. No. 4,036,681**

**Registered Oct. 11, 2011**

**Int. Cl.: 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE
SUITE 201
CORONA, CA 92880

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, EXCLUDING PER-
ISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, IN CLASS 32
(U.S. CLS. 45, 46 AND 48).

FIRST USE 3-27-2002; IN COMMERCE 4-18-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ENERGY", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-276,989, FILED 9-11-2007.

MICHAEL WIENER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT A19

- 56 -

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,036,681

**EXHIBIT A19**

# EXHIBIT A20



## MONSTER MIXXD

**Reg. No. 3,852,123**

**Registered Sep. 28, 2010**

**Int. Cls.: 5 and 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 12-0-2007; IN COMMERCE 12-0-2007.

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, CARBONATED SOFT DRINKS; CAR-BONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, AMINO ACIDS AND/OR HERBS; CARBONATED ENERGY OR SPORTS DRINKS, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 12-0-2007; IN COMMERCE 12-0-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-673,736, FILED 2-19-2009.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

EXHIBIT A20
- 58 -

# EXHIBIT A21



# United States of America

### United States Patent and Trademark Office

# MONSTER REHAB

**Reg. No. 4,111,964**

**Registered Mar. 13, 2012**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

HANSEN BEVERAGE COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: READY TO DRINK TEA, ICED TEA AND TEA BASED BEVERAGES; READY TO DRINK FLAVORED TEA, ICED TEA AND TEA BASED BEVERAGES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 2-0-2011; IN COMMERCE 2-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-406,210, FILED 8-24-2011.

RONALD DELGIZZI, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:** **Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,111,964

**EXHIBIT A21**

# EXHIBIT A22



# United States of America

## United States Patent and Trademark Office

# MONSTER REHAB

**Reg. No. 4,129,288**

**Registered Apr. 17, 2012**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 3-2-2011; IN COMMERCE 3-2-2011.

**PRINCIPAL REGISTER**

FOR: BEVERAGES, NAMELY, NON-ALCOHOLIC NON-CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; NON-CARBONATED ENERGY OR SPORTS DRINKS, FRUIT JUICE DRINKS HAVING A JUICE CONTENT OF 50% OR LESS BY VOLUME THAT ARE SHELF-STABLE; ALL THE FOREGOING GOODS EXCLUDE PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-2-2011; IN COMMERCE 3-2-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,057,061, 3,353,473, AND OTHERS.

SN 85-078,405, FILED 7-6-2010.

GEOFFREY FOSDICK, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**EXHIBIT A22**
**- 62 -**

# EXHIBIT A23



# United States of America
## United States Patent and Trademark Office

# MONSTER CUBA-LIMA

**Reg. No. 4,269,880**

**Registered Jan. 1, 2013**

**Int. Cls.: 5 and 32**

**TRADEMARK**

**PRINCIPAL REGISTER**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
SUITE 201
550 MONICA CIRCLE
CORONA, CA 92880

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 9-4-2012; IN COMMERCE 9-4-2012.

FOR: NON-ALCOHOLIC BEVERAGES, NAMELY, ENERGY DRINKS, ENERGY DRINKS FLAVORED WITH JUICE, SPORTS DRINKS, ALL ENHANCED WITH VITAMINS, MINER-ALS, NUTRIENTS, PROTEINS, AMINO ACIDS, AND/OR HERBS, BUT EXCLUDING PER-ISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 9-4-2012; IN COMMERCE 9-4-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-652,401, FILED 6-14-2012.

GEOFFREY FOSDICK, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

<div style="border:1px solid black;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> **First Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> **Second Filing Deadline:** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

<div style="border:1px solid black;">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

</div>

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**EXHIBIT A23**
**- 64 -**

# EXHIBIT A24



# MUSCLE MONSTER

**Reg. No. 4,376,796**

**Registered July 30, 2013**

MONSTER ENERGY COMPANY (DELAWARE CORPORATION)
550 MONICA CIRCLE, SUITE 201
CORONA, CA 92880

**Int. Cls.: 5 and 32**

FOR: NUTRITIONAL SUPPLEMENTS IN LIQUID FORM, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

**TRADEMARK**

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

**PRINCIPAL REGISTER**

FOR: BEVERAGES, NAMELY, SOFT DRINKS; NON-ALCOHOLIC AND NON-CARBONATED DRINKS ENHANCED WITH VITAMINS, MINERALS, NUTRIENTS, PROTEINS, AMINO ACIDS AND/OR HERBS; NON-CARBONATED ENERGY OR SPORTS DRINKS; ALL THE FOREGOING GOODS EXCLUDE PERISHABLE BEVERAGE PRODUCTS THAT CONTAIN FRUIT JUICE OR SOY, WHETHER SUCH PRODUCTS ARE PASTEURIZED OR NOT, IN CLASS 32 (U.S. CLS. 45, 46 AND 48).

FIRST USE 3-18-2013; IN COMMERCE 3-18-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,044,314, 3,134,842, AND OTHERS.

SN 85-077,052, FILED 7-2-2010.

GRETCHEN ULRICH, EXAMINING ATTORNEY

Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,376,796

**EXHIBIT A24**

# EXHIBIT B

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

n